# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **LEOPOLD O.V. ENWONWU,** | |
| **Plaintiff,** | |
| **v.** | **1:16-cv-797-WSD** |
| **FULTON COUNTY MARSHAL, et al.,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [54] ("R&R"), recommending that the Court grant the Motion to Dismiss [33] filed by Defendants Aldridge Pite, LLP ("Aldridge Pite"),[1] John G. Aldridge, Kimberly A. Rizzotti Weber and Allison S. Giardina (collectively the "Aldridge Defendants"), the Motion to Dismiss Plaintiff's Complaint [38] filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), and the Motion to Dismiss Plaintiff's Complaint [39] filed by Defendants Fulton County Marshal, Lieutenant P. Johnston and Louis Levenson (collectively the "Motions to Dismiss").

---

[1]     Aldridge Pite, a law firm, was formerly known as Aldridge Connors LLP.

# I.    BACKGROUND

## A.    Facts

This is a wrongful eviction and foreclosure action in which *pro se* Plaintiff Leopold O.V. Enwonwu ("Plaintiff") alleges that Defendants, including a state court judge, conspired to evict him from his home.  Plaintiff "is a Black male, a U.S. citizen of Nigerian national origin on Social Security" who lived at 1950 Branch Valley Drive, Roswell, Fulton County, Georgia ("Property"). (Compl. ¶ 4).  Defendant Louis Levenson "was a part-time Pro Hac Judge of the State Court of Fulton County and was also the Magistrate Court judge for dispossessory/landlord and tenant cases."  (Compl. ¶ 7).  Defendants John G. Aldridge, Kimberly A. Rizzotti Weber and Allison S. Giardina were attorneys at Defendant Aldridge Pite, a law firm.  (Compl. ¶ 9).  Defendant Lieutenant P. Johnston was employed by Defendant Fulton County Marshal's department. (Compl. ¶ 10).

Plaintiff's Complaint [11] is often unclear but appears to allege the following facts.  On January 20, 2009, Plaintiff executed a promissory note in the amount of $272,435.  (Compl. at 19).  Plaintiff also executed a deed securing the note with Plaintiff's Property.  (Compl. at 19).  In August 2011, the note and deed were assigned to Wells Fargo and publicly recorded.  (Compl. at 19).  It appears

that Plaintiff defaulted on the note.  On September 6, 2011, Wells Fargo foreclosed on the Property.  (Compl. at 20).  Wells Fargo was the highest bidder at the foreclosure sale.  (Compl. at 20).

In 2011, Plaintiff filed a state action against Wells Fargo and the Aldridge Defendants, alleging wrongful foreclosure of the Property.  Plaintiff asked the state court to prevent his eviction from the Property, set aside the foreclosure, and declare him the owner of the Property.  (Compl. at 20).  On December 7, 2012, the Superior Court of Fulton County dismissed Plaintiff's complaint with prejudice, allegedly relying on a fraudulent affidavit.  ([38.11]; Compl. ¶ 14).  On December 10, 2012, Plaintiff filed a notice of appeal and a poverty affidavit. ([38.1] at 6; Compl. ¶¶ 15-16).  On April 18, 2016, the Superior Court of Fulton County dismissed Plaintiff's appeal.  ([38.12]).

On July 19, 2012, Wells Fargo filed a state dispossessory action against Plaintiff, seeking to take possession of Plaintiff's Property.  ([38.1]).  In July 2012, the Magistrate Court of Fulton County issued a default judgment and a writ of possession in favor of Wells Fargo.  ([38.5]).  On November 6, 2012, the Magistrate Court of Fulton County denied Plaintiff's motion to vacate the default judgment.  ([38.6]).  On December 6, 2012, the Superior Court of Fulton County dismissed Plaintiff's appeal because "no appeal lies from a default judgment in

3

Magistrate Court." ([38.8]).  On February 1, 2013, the Georgia Court of Appeals dismissed Plaintiff's appeal and, on June 3, 2013, the Georgia Supreme Court denied Plaintiff's petition for certiorari.  ([38.9]).

Plaintiff alleges that "Louis Levenson, [Judge of the Fulton County State/Magistrate Court(s) as he then was], lost the default judgment he had entered in favor of Wells Fargo in denial of herein Plaintiff's due process right to proper hearing notice." (Compl. ¶ 21 (brackets in original)).  Plaintiff alleges further that, on November 6, 2013, "without jurisdiction and/or a judgment to enforce, Louis Levenson conspired with [Aldridge Pite] to willfully interfere with and deny Plaintiff's due process right of appeal by issuing a void order to effectuate the wrongful and unlawful eviction of Plaintiff's [Property]." (Compl. ¶ 22).  Plaintiff alleges the order "was void as there was no case then pending in [Louis Levenson's] court between the parties." (Compl. ¶ 22).

On December 12, 2013, "[a]t the instance of the Defendants, Lieutenant Johnston leading other officers from Fulton County Marshal's department knocked on the door and demanded entry into Plaintiff's home in the name of the State of Georgia." (Compl. ¶ 25).  Plaintiff opened the door and told the officers "the eviction was wrongful" because Louis Levenson "had no case pending in his court between the parties." (Compl. ¶ 26).  "Plaintiff was afforded the choice of one set

4

of clothing, then told to get the other residents to step outside the house." (Compl. ¶ 27). "Thereafter, Lieutenant Johnston invited the Wells Fargo eviction crew who took over the removal and wanton destruction of Plaintiff's property," causing Plaintiff "emotional distress and harm." (Compl. ¶ 27). Plaintiff allegedly suffered congestive heart failure "as a result of the strain," and spent the next seven months in a rehabilitation center, relearning to walk. (Compl. ¶ 29). Plaintiff now uses a "rollator walker" and requires dialysis treatment three times a week. (Compl. ¶ 30).

On or around July 25, 2014, Plaintiff "sought to but could not resume habitation of the [Property] because the Defendants had maliciously removed the immovable and/or fixtures from the house." (Compl. ¶31). Plaintiff asked Defendants to return "immovable/fixtures and Plaintiff's personal property and papers." (Compl. ¶ 32). Defendants refused to do so. (Compl. ¶ 32). Defendants allegedly failed to keep the Property in good repair, "as a result of which the house has since became [sic] a hangout for vagrants and drug users." (Compl. ¶ 33). Plaintiff alleges that "Defendants maliciously published in Plaintiff's national consumer credit reports that Plaintiff defaulted in the loan they conceded was made to" another party. (Compl. ¶ 35).

On May 20, 2016, Plaintiff filed his *pro se* Complaint [11] asserting three counts.  Count I asserts that, "[b]y evicting Plaintiff, Defendants knowingly and maliciously interfered with Plaintiff's right of appeal, a right protected under the Fourteenth Amendment," and "as such violated 42 U.S.C. §§ 1981, 1982, 1985 and 1986."  (Compl. ¶ 23).  Plaintiff also frames Count I as asserting a claim for "conspiracy by the Defendants and denial of the Plaintiff's right to due process and equal protection under the law in violation of 42 U.S.C. §§ 1981, 1985 and 1986."  (Compl. at 8).

Count II asserts a claim for "conspiracy trespass, malicious eviction, search and siezure [sic] of Plaintiff's Property by the Defendants in Violation of 42 U.S.C. §§ 1982, 1985 and 1986."  (Compl. at 11).  Count III asserts a claim for "Conspiracy by the Defendants and the wilful [sic] publication of falsehood in Plaintiff's credit reports in violation 15 U.S.C. §§ 1681 et seq."  (Compl. at 14).  Plaintiff requests damages, punitive damages, triple damages, and attorneys' fees and costs.  (Compl. ¶ 39).

In August 2016, Defendants filed their Motions to Dismiss Plaintiff's Complaint.  On October 27, 2017, the Magistrate Judge issued his R&R, recommending that the Motions to Dismiss be granted and this action be dismissed.

6

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss for Failure to State a Claim

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  The Court is not required to accept as true conclusory allegations or legal conclusions.  See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."  (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks omitted))).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007)).  Mere "labels and conclusions" are insufficient.
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the misconduct alleged."
Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than
the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting
Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] [plaintiff's]
claims across the line from conceivable to plausible."  Id. at 1289 (quoting
Twombly, 550 U.S. at 570).

Complaints filed *pro se* must be construed liberally and are "held to less
stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus,
551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)
(internal quotation marks omitted)).  Nevertheless, "a *pro se* complaint still must
state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F.
Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite
a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th
Cir. 2008).  Further,

B.     Report and Recommendation

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1);

Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983).  A district judge "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and

recommendations to which objections have not been asserted, the Court must

conduct a plain error review of the record.  Garvey v. Vaughn, 993 F.2d 776, 779

n.9 (11th Cir.  1993); United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983)

(per curiam).  The parties did not file objections to the R&R, and the Court thus

reviews it for plain error.

## III.   ANALYSIS

The Aldridge Defendants and Wells Fargo argue that Plaintiff's Complaint

should be dismissed because it is a shotgun pleading.  A shotgun pleading is

defined by "the failure to identify claims with sufficient clarity to enable the

defendant to frame a responsive pleading."  Beckwith v. Bellsouth Telecomms.,

Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "The typical shotgun complaint

9

contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Ferrell v. Durbin, 311 F. App'x 253, 259 (11th Cir. 2009). Shotgun pleadings also are often characterized by factually unsupported claims and frequently fail to specify which defendant is responsible for each act alleged. Beckwith, 146 F. App'x at 372. With a shotgun pleading, it is virtually impossible to know which allegations of fact are intended to support which claims for relief. Beckwith, 146 F. App'x at 372; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). As a result, the district court, faced with a crowded docket and "whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010). "Thus, shotgun pleadings impede the orderly, efficient, and economic disposition of disputes as well as the Court's overall ability to administer justice." Guthrie v. Wells Fargo Home Mortg. NA, No. 1:13-cv-4226-RWS, 2014 WL 3749305, at *7 (N.D. Ga. July 28, 2014).

The Eleventh Circuit has specifically instructed district courts to prohibit shotgun pleadings as fatally defective. Id. (citing B.L.E. ex rel. Jefferson v.

10

Georgia, 335 F. App'x 962, 963 (11th Cir. 2009)).  To allow these pleadings would place an unjustifiable burden on the Court to take on the virtually impossible task of "ascertain[ing] what factual allegations correspond with each claim and which claim is directed at which defendant."  Beckwith, 146 F. App'x at 373.  The Eleventh Circuit does not require the district court, or the defendants, to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted."  Strategic Income Fund, 305 F.3d at 1296 n.9.  This is true even where the plaintiff is *pro se*.  *Pro se* plaintiffs "must comply with the procedural rules that govern pleadings," including the rule against shotgun pleadings.  Beckwith, 146 F. App'x at 371.

> These rules work together 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S. v. Shelby Mut. Ins. Co.,760 F.2d 1520, 1543 n. 14 (11th Cir. 1985)).

Plaintiff's Complaint contains three counts but asserts substantially more than three claims and names eight defendants.  Each count incorporates all prior paragraphs in the Complaint.  Each count alleges a "conspiracy" but fail to explain who is involved in which conspiracy.  Count III alleges a violation of the Fair

Credit Reporting Act ("FCRA") but does identify the specific provisions violated or the particular Defendants that engaged in the violation.  The Complaint includes, without meaningful explanation, several paragraphs documenting prior litigation between Plaintiff and Defendants.  Plaintiff alleges "malicious" eviction and trespass but does not purport to bring any state law claims.  (Compl. ¶ 16; Compl. at 11).  Plaintiff also cites OCGA §§ 44-14- 161 et seq., but does not clearly assert a claim under that statute.  (Compl. ¶ 22(c)).  The Magistrate Judge found that Plaintiff fails to articulate which claims he intends to assert against which Defendants, or how his claims apply to certain Defendants at all.  (R&R at 39).  The Magistrate Judge found further that Plaintiff's Complaint constitutes a shotgun pleading and requires dismissal.  The Court finds no plain error in these determinations.

The Magistrate Judge concluded that Plaintiff's Complaint also requires dismissal for failure to state a claim, for naming improper parties, for "essentially inviting this Court to review and reject a state court judgment" in violation of the Rooker-Feldman doctrine, and for violating the principles of res judicata and collateral estoppel.  (R&R at 18).  The Court finds no plain error in these conclusions.

## IV.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [54] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants Aldridge Pite, LLP, John G. Aldridge, Kimberly A. Rizzotti Weber and Allison S. Giardina's Motion to Dismiss [33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint [38] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Fulton County Marshal, Lieutenant P. Johnston, and Louis Levenson's Motion to Dismiss Plaintiff's Complaint [39] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 2nd day of December, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

13